907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pauline C. MAZMANIAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-2126.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1990.
 
 Before MERRITT, Chief Circuit Judge, and KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Pauline C. Mazmanian appeals the summary judgment granted by the district court upholding the Secretary of Health and Human Services' denial of her application for disability insurance benefits. For the reasons that follow, we affirm.
 
 
 2
 Mazmanian applied for benefits on May 31, 1983, May 16, 1985, and April 14, 1986. All three of her applications were denied. After her last application was denied, she requested a hearing before an administrative law judge.
 
 
 3
 An ALJ conducted a hearing on January 27, 1988. He did not apply the doctrine of res judicata to any of her prior applications and determined that the "relevant period" for her application ran from February 23, 1979, (the onset date alleged in her first application) to June 30, 1981, the expiration date of her insured status. The ALJ then determined that, based on Mazmanian's medical evidence and a medical advisor's analysis, her impairments were not severe, and therefore she was not disabled.
 
 
 4
 Mazmanian sought judicial review in the district court. The magistrate to whom the matter was referred recommended that the Secretary's denial of Mazmanian's application be affirmed as it was supported by substantial evidence. On July 26, 1989, the district court reviewed the matter in its entirety, adopted the magistrate's report and recommendations in full, and granted summary judgment in favor of the Secretary.
 
 
 5
 Mazmanian was born on April 1, 1932, and was fifty-five years old at her hearing. She has a seventh-grade education and work experience as a visual inspector and hotel maid. She has not worked since December 1984. She alleges to be disabled by osteoarthritis, hiatal hernia, varicose veins, nerves, headaches, a cervical spine disorder, pain from all of the above, and forgetfulness. She concedes that her alleged impairments do not meet the criteria in the Secretary's Listing of Impairments, either separately or in the aggregate.
 
 
 6
 The vast majority of the arguments Mazmanian advances in her brief disregard the applicable regulations and case law, and rely upon notes taken from visits to Mazmanian's physician that occurred several years after her insured status expired. Moreover, most of Mazmanian's arguments are dedicated to establishing that her impairments were "disabling." However, this overlooks the fact that the Secretary denied her claim because her medical evidence failed to establish that her alleged impairments were "severe."
 
 
 7
 After a thorough review of the record in this case, the briefs, and the medical evidence, we agree with the district court that the Secretary had substantial evidence from which to conclude that Mazmanian's alleged impairments were not severe, and therefore, that she was not disabled. Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.